IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

GLENN WIGGINS, an individual, and )
ETHEREAL CONSTRUCTION )
ENTERPRISES, LLC, a Georgia limited )
liability company, )
)
        Plaintiffs, )
)
   v. )      CV 125-293
)
BANK OF AMERICA, N.A.; BANK OF )
AMERICA CORPORATION; MERRILL )
LYNCH, PIERCE, FENNER & SMITH )
INCORPORATED; BofA SECURITIES, )
INC.; BRIAN T. MOYNIHAN; )
ALASTAIR BORTHWICK; MERRILL )
LYNCH INTERNATIONAL; and )
MERRILL LYNCH BANK AND TRUST )
COMPANY (CAYMAN) LIMITED, )
)
        Defendants. )

---

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

---

*Pro se* Plaintiff commenced the above-captioned case on behalf of himself and Ethereal

Construction Enterprises, LLC, ("Ethereal Construction"), a Georgia limited liability

company, and requested permission to proceed *in forma pauperis* ("IFP") on behalf of himself

but not Ethereal Construction. (See doc. nos. 1, 2.) In an Order dated December 8, 2025, the

Court explained corporate entities could not proceed *pro se* in federal court and that Plaintiff's

IFP motion did not have sufficient information to determine whether he should be allowed to

proceed IFP. (See doc. no. 5.) That Order further explained the case could not proceed in its

current form unless an attorney appeared on behalf of Ethereal Construction and directed Plaintiff to submit a new IFP motion. (Id. at 2 -3.) In response, Plaintiff submitted an amended complaint that no longer names Ethereal Construction as a Plaintiff, (doc. no. 6), and a renewed IFP motion that is now before the Court for review, (doc. no. 7).

Plaintiff again indicates he earned an average of $5,500 per month during the last twelve months, or $66,000 in the past year, and expects his income to continue at $5,000 per month. (Doc. no. 7, p. 9.) Plaintiff again includes expenses for his domestic partner but this time also claims financial responsibility for her two children and states he pays all expenses for a household of four. (Id. at 6, 11.) Plaintiff variously totals his monthly expenses as $6,965, (id. at 7), and $6,130 for his domestic partner, (id. at 13). Notably, however, the expenses immediately preceding the amount of $6,965 total only $3,935. (Id. at 6-7.) Moreover, the information in the self-written portion of the new IFP motion does not match the form. For example, Plaintiff states the third household vehicle, a Dodge Charger Scat Pack,[1] is worth $20,000 in the self-written portion of the motion and that the monthly household transportation costs (not including vehicle payments) are $50. (Id. at 6, 7.) Four pages later, on the form portion of the motion, Plaintiff values the Dodge Charger at $40,000 and goes on to state monthly transportation costs (not including vehicle payments) are $1,100. (Id. at 11, 12.)

Food costs were listed at $600 total for the month in the original IFP motion and the self-written portion of the new IFP motion, (doc. no. 2, p. 4; doc. no. 7, p. 6), but in the form portion of the new motion, monthly food costs jump to $1,500, (doc. no. 7, p. 12). Medical costs were listed at $350 in the original IFP motion and self-written portion of the new IFP motion, (doc. no. 2, p. 4; doc. no. 7, p. 7), but jump to $1,000 in the new form IFP motion,

---

[1]This third vehicle was not disclosed in the original motion. (See doc. no. 2, p. 3.)

(doc. no. 7, p. 12).  Plaintiff's recreation spending of $350 for the household in the original IFP motion, (doc. no. 2, p. 4), is either $150 or $0 in the new IFP motion, (doc. no. 7, pp. 7, 12).  Similarly, Plaintiff listed no monthly expenses for clothing in the original IFP motion, (doc. no. 2, p. 4), but lists either $200 or $325 in such monthly expenses in the new IFP motion, (doc. no. 7, pp. 7, 12).

In sum, the Court previously explained why it did not have sufficient information to determine whether Plaintiff should be allowed to proceed IFP and directed him to submit a new motion "with current, accurate, and complete financial information."  (Doc. no. 5, p. 3.)  In response, Plaintiff submitted a second IFP motion - attested as true under penalty of perjury less two weeks after the first such attestation - with significant, unexplained, and conflicting numbers as set forth in detail above.  Having reviewed all the information in Plaintiff's various IFP submissions, and despite an assertion that Plaintiff is behind on his bills, it appears he has the ability to pay the $405 filing fee.

Leave to proceed IFP is discretionary with the Court, and that discretion is to be exercised so as not to deny a party access to the courts solely on account of financial standing. See Denton v. Hernandez, 504 U.S. 25, 31 (1992).  Although poverty sufficient to qualify under 28 U.S.C. § 1915 does not require penniless destitution, proceeding IFP is a *privilege*, not a right.  See Rowland v. California Men's Colony, Unit II Men's Advisory Council, 506 U.S. 194, 198 (1993).  Indeed, "courts should grant the privilege 'sparingly' in civil cases for damages." Thomas v. Sec'y of Dep't of Veterans Affs., 358 F. App'x 115, 116 (11th Cir. 2009) (*per curiam*) (citation omitted).  Serious misrepresentations may be considered by the Court when determining whether an IFP motion should be granted.  Martinez v. Kristi Kleaners, Inc., 364 F.3d 1305, 137 (11th Cir. 2004) (*per curiam*) (citation omitted).

Here, having considered the financial information in the record, including an annual income of approximately $66,000,[2] three vehicles valued as much as $75,000 in total, unexplained discrepancies in total monthly expenses (at least one calculation of which is below the stated $5,500 monthly income), and available discretionary income, the Court **REPORTS** and **RECOMMENDS** Plaintiff's second motion to proceed IFP be **DENIED**, (doc. no. 7), and Plaintiff be **DIRECTED** to pay the full filing fee if he intends to pursue his case.  Should the District Judge adopt this recommendation and Plaintiff fail to pay the filing fee within twenty-one days after that final action, the case should be **DISMISSED** without prejudice and **CLOSED**.  Of course, Plaintiff may choose to pay the $405 filing fee now, and the case will proceed without further delay.

SO REPORTED and RECOMMENDED this 26th day of January, 2026, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[2]Even in consideration of the two new dependents identified by Plaintiff, $66,000 in annual income is approximately twice the 2025 national poverty level of $32,150 for a family of four. See https://aspe.hhs.gov/topics/poverty-economic-mobility/poverty-guidelines/prior-hhs-poverty-guidelines-federal-register-references (last visited Jan. 26, 2026).