IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| GLENN WIGGINS, an individual, and ETHEREAL CONSTRUCTION ENTERPRISES, LLC, a Georgia limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>BANK OF AMERICA, N.A.; BANK OF AMERICA CORPORATION; MERRILL LYNCH, PIERCE, FENNER & SMITH INCORPORATED; BofA SECURITIES, INC.; BRIAN T. MOYNIHAN; ALASTAIR BORTHWICK; MERRILL LYNCH INTERNATIONAL; and MERRILL LYNCH BANK AND TRUST COMPANY (CAYMAN) LIMITED,<br><br>Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | CV 125-293 |

## O R D E R

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation, to which objections have been filed. (Doc. no. 10.) In this case naming multiple corporate and individual Defendants in connection with an alleged "systemic racketeering enterprise" that has resulted in "the greatest consumer financial fraud in American history," for which Plaintiff seeks damages in "an amount believed to be in excess of $10 billion," Plaintiff seeks permission to proceed *in forma pauperis* ("IFP"). (See doc. no. 6, pp. 1, 2, 27; doc. no. 7.) After giving Plaintiff a chance to submit a second IFP motion with

"current, accurate, and complete financial information," (doc. no. 5, p. 2), the Magistrate Judge recommended denying the second IFP motion based on an extensive review of Plaintiff's financial information, including "an annual income of approximately $66,000, three vehicles valued as much as $75,000 in total, unexplained discrepancies in total monthly expenses . . . and available discretionary income." (Doc. no. 8, p. 4.) Plaintiff objects, arguing he was confused by the straightforward IFP form and contending discrepancies between the original and renewed motion were nothing more than his attempt to provide the complete information required by the Court. (See doc. no. 10.)

The Magistrate Judge carefully analyzed the information presented in a detailed fashion and concluded Plaintiff's nearly $66,000 annual income used to support a family of four provided sufficient resources to pay the filing fee. (See doc. no. 8.) Plaintiff's efforts to explain the discrepancies between the first second IFP motions as an attempt to provide the updated expenses for his entire household that were not listed in the first IFP motion do not explain away all of the discrepancies identified *within* the second IFP motion. Professed confusion about a five-page IFP form from a person who has allegedly figured out a racketeering scheme involving, among other things, anti-trust laws, securities fraud, and the Uniform Commercial Code, (see doc. no. 6, pp. 19-25), rings hollow as an explanation for providing conflicting financial information within a single document.

Plaintiff has had ample opportunity to file an IFP motion with complete and accurate financial information. Even disregarding the changes between the first and second IFP motions, Plaintiff has no logical explanation for all of the discrepancies identified by the Magistrate Judge within the second IFP motion, let alone does he provide an explanation

showing he is entitled to proceed IFP or pay the filing fee in installments. The objections are unavailing.

Accordingly, the Court **OVERRULES** Plaintiff's objections, **ADOPTS** the Report and Recommendation of the Magistrate Judge as its opinion and **DENIES** Plaintiff's second motion to proceed IFP. (Doc. no. 7.) In accordance with Local Rule 4.2, Plaintiff shall have twenty-one calendar days from the date of service of this Order to pay the $405.00 filing fee. Should Plaintiff fail to make timely payment, the Court **DIRECTS** the **CLERK** to dismiss the case without prejudice and close this civil action on the twenty-fifth day after the date of service of this Order that the Clerk of Court is open for business.[1] Of course, should Plaintiff pay the $405.00 filing fee, the case will proceed in the normal course of business. Should Plaintiff not pay the $405.00 but file any other motion prior to the filing fee deadline, the Clerk shall take no action with respect to dismissing the case until further Order of the Court.

SO ORDERED this ___17th___ day of February, 2026, at Augusta, Georgia.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[1] In accordance with Federal Rule of Civil Procedure 6(d), three days are added to the deadline because the Clerk of Court serves *pro se* Plaintiff by United States mail. Therefore, the twenty-one-day deadline becomes a twenty-four day-deadline. If the deadline falls on a Saturday, Sunday, or legal holiday, the deadline moves to the next day that is not a Saturday, Sunday, or legal holiday. Fed. R. Civ. P. 6(a)(1)(C).

3